**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UN4 Productions Incorporated, a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>John and Jane Doe 1-26,<br><br>Defendants. | No. CV17-2164 PHX DGC<br><br>**ORDER** |

Plaintiff has filed a motion to consolidate this case with three similar actions: 17-02168-DLR, 17-02169-DGC, and 17-2170-DJH. The motion argues that all four actions involve the same issues and relate to the same movie copyright. Doc. 7.

These are not class actions. This case names 26 individual defendants, identified only by the IP addresses allegedly used to download the movie. The other three cases name 14, 30, and 21 defendants, respectively, and would result in 91 total defendants – 91 separate causes of action in one proceeding – if the cases were consolidated.

As Plaintiff notes, the Court has broad discretion in deciding whether to consolidate actions. Doc. 7 at 3. The Court declines to consolidate these actions for reasons explained in a similar case:

> Allowing a case to proceed against such a large number of Defendants would invite many unrelated motions to present the different factual and legal defenses of each Defendant. Receiving, sorting, and responding to

such a high volume of motions would require significant judicial resources. Scheduling and conducting hearings and discovery disputes among many parties would be almost impossible. Additionally, during discovery, each Defendant, who might appear pro se and not be an e-filer, would be forced to serve paper copies of all filings on all other parties, and would have the right to be present at all other parties' depositions, all of which would be a significant burden on each Defendant litigant. Also, because of the potential prejudice to each unrelated Defendant, the Court likely would not undertake to conduct a trial for all Defendants at the same time. Thus, the Court would effectively sever these cases for trial, and conduct over a hundred separate trials with different witnesses and evidence, eviscerating any "efficiency" of joinder. Finally, all of these issues would needlessly delay the ultimate resolution of any particular Defendant's case, which again weighs against efficiency and the opportunity for the Defendant to receive a prompt resolution of his or her case.

*Riding Films, Inc. v. John Does I-CCL*, No. CV13-00299-PHX-DGC, 2013 WL 2152552, at *3 (D. Ariz. May 16, 2013) (footnote omitted).

**IT IS ORDERED** that the motion to consolidate (Doc. 7) is **denied**.

Dated this 25th day of August, 2017.

_____
David G. Campbell
United States District Judge